UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE M. HARRIS,

    Plaintiff,

      v.                                                      Case No. 09-C-0422

**JOHN HUSZ,** *MSDF Warden, and*
**DONNA GOELZ,** *Health Services Manager*

    Defendants.

## DECISION AND ORDER

The plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was an inmate at the Milwaukee Secure Detention Facility (MSDF). This matter comes before the court on the plaintiff's motion for leave to proceed in forma pauperis and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.48. The court will grant the plaintiff's motion for leave to proceed in forma pauperis.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

2

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## I. COMPLAINT ALLEGATIONS

The plaintiff sets forth several distinct claims in his complaint. First, the plaintiff submits that he was forced to share a small cell at MSDF with two other inmates for approximately one week in August 2008. He states that, as a result of sleeping a few inches above the cold, hard concrete floor in front of the toilet, he experienced lower back pain and injured toes on his right foot. Despite his medical request, the plaintiff was not seen by medical staff.

Second, the plaintiff does not believe that he received sufficient medical care after a fall on November 4, 2008. He requested medical attention the day after the fall, but was not seen by a

3

doctor for fifteen days. At that time, the plaintiff was given pain medications. X-rays on December 4, 2008, revealed arthritis and nerve problems. On December 18, 2008, the doctor approved the plaintiff for an extra mattress and pillow, but he did not receive them until February 20, 2009.

The plaintiff was seen by nurses on March 14 and 15, 2009. Beginning on March 17, 2009, the plaintiff saw Dr. Joseph almost daily for nearly a week. He then had a second set of x-rays and, after a diagnosis of very severe arthritis in his lower back and possible nerve damage, received crutches and a wheelchair, though the wheelchair was later taken away. On March 31, 2009, the plaintiff had a MRI at Aurora-Sinai Hospital. He still uses his crutches daily. The plaintiff provides witnesses to his fall and the names of staff who "have knowledge of [the plaintiff's] pain and suffering, and the inadequacy of the Health Services Unit's provision of medical attention and care." (Complaint at 3).

Third, the plaintiff sets forth a proposed claim regarding the conditions of confinement at MSDF. He suggests that the build up of dust particle contaminants caused him headaches, coughing, sneezing, and blurred vision. The plaintiff acknowledges that there were efforts to clean the build up, including a vacuuming system used on March 25, 2009, and the cleaning of the blower vents. However, the plaintiff asserts that "nothing was done about the 'caked on' build up, or the source of the recycled air system dust particle problem." (Complaint at 4).

Finally, the plaintiff contends that the defendants failed to protect him from another inmate on March 26, 2009, and March 30, 2009. On each of those dates, another inmate was moved into the plaintiff's cell. The plaintiff found the inmate's comments and behavior disturbing and spoke to MSDF staff about it. They confronted the other inmate and removed him from the plaintiff's cell. The inmate was returned to the plaintiff's cell on March 30, 2009. Initially, everything was ok, but

4

the inmate's behavior turned threatening just before lunch. After lunch, the plaintiff was told not to return to his cell, and the inmate was removed again. A week later, the plaintiff was transferred to the Racine Correctional Institution.

The plaintiff sets forth his legal claim as follows:

> MSDF Warden John Husz, and Health Services Manager for MSDF Donna Goelz, govern the operation of this detention facility. My rights under the 8th and 14th Amendments were violated by these individuals, and persons they supervise, by way of the following: an overall "totality of the conditions" that are unconstitutional. Overcrowding, cruel & unusual punishment, inadequate medical care for a serious medical need, mental and emotional injury, air quality, deliberate indifference, and others.

(Complaint at 5). The plaintiff seeks compensatory and punitive damages, declaratory relief, a jury trial, costs, and any additional relief this court deems just, proper and equitable.

## II. DISCUSSION

As an initial matter, the plaintiff's complaint does not suggest that either of the named defendants were personally involved in the deprivation of his constitutional rights. There is no respondeat superior liability under § 1983 for the unconstitutional conduct of subordinates. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009). Additionally, since a § 1983 cause of action is against a "person," in order "[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006) (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). Because the plaintiff's proposed claims do not include any personal involvement by the named defendants, the plaintiff will not be allowed to proceed on individual capacity claims against them.

5

The court also will consider whether the plaintiff may proceed on any claims against the defendants in their official capacities. A suit against a state official in his or her official capacity is a suit against the official's office. As such, it is not different than a suit against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits for damages in federal court against unconsenting states unless Congress has exercised its power to override the immunity. Id. at 66. To the extent that the plaintiff seeks monetary damages, his official capacity claims must be dismissed because of Eleventh Amendment immunity and also because the state is not a person suable under 42 U.S.C. § 1983. See id. at 66-67, 71. Official capacity claims seeking injunctive relief are permissible under § 1983. Id. at 71 n.10. However, "when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004) (citing Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996)). Since the plaintiff had been transferred to Racine Correctional Institution, even before he filed this complaint, his requests for injunctive and equitable relief are moot. Stewart v. McGinnis, 5 F.3d 1031, 1038 (7th Cir. 1993); Martin v. Davies, 917 F.2d 336, 339 (7th Cir. 1990).

While the plaintiff's complaint fails to state a claim against either of the named defendants, it is possible that the plaintiff could name individuals who were involved in at least some of the proposed claims set forth in the complaint. Courts freely give leave to amend "when justice so requires." See Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court, and the court may deny a motion to amend if the amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962). The court will allow the plaintiff to amend his complaint to name individuals who were personally involved in regard to the alleged constitutional

6

violation. However, this case will be subject to dismissal for failure to state a claim unless, prior to **March 22, 2010**, the plaintiff files an amended complaint curing the deficiencies in the original complaint as described herein.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading. Id. (citations omitted).

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's' motion for leave to proceed in forma pauperis (Docket No. 5) is hereby **granted**.

**IT IS FURTHER ORDERED** that the plaintiff has until **March 22, 2010** to file an amended complaint consistent with this order.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $346.52 balance of the filing fee to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Honorable Aaron E. Goodstein
% Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin this 23rd day of February, 2010.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge