# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE M. HARRIS,**

    **Plaintiff,**

    v.                                                                                             Case No. 09-C-0422

**JOHN HUSZ,** *MSDF Warden, and*
**DONNA GOELZ,** *Health Services Manager*

    **Defendants.**

## DECISION AND ORDER

The plaintiff filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was an inmate at the Milwaukee Secure Detention Facility (MSDF). In a Decision and Order dated February 23, 2010, (Docket No. 19), the court granted the plaintiff's motion for leave to proceed in forma pauperis and directed the plaintiff to file an amended complaint. The plaintiff's Amended Complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A(a). On June 9, 2010, plaintiff filed his written consent to have all further proceedings handled by a magistrate judge (Docket No. 22).

The plaintiff's Amended Complaint (Docket No. 20) is almost exactly the same as his original complaint. He added three additional sentences. The first sentence the plaintiff added states: "Mr. Husz and Ms. Goelz are responsible for the policies procedure and actions of MSDF Staff and the violations of overcrowding [and] inadequate medical attention." (Amended Complaint, p. 1). To the extent the plaintiff seeks to hold defendants John Husz and Donna Goelz responsible for the actions of MSDF staff, his claim is barred. As this court stated in the decision and order

dated February 23, 2010, there is no respondeat superior liability under § 1983 for the unconstitutional conduct of subordinates. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1948 (2009).

To the extent the plaintiff attempts to set forth claims against Husz and Goelz related to the policies and procedures at the Milwaukee Secure Detention Facility (MSDF), those claims are also barred. For any such official capacity claim, the plaintiff would be limited to injunctive relief. The plaintiff is no longer incarcerated at MSDF. Therefore, any request for injunctive relief would be moot. See Lehn v. Holmes, 364 F.3d 862, 871 (7th Cir. 2004) (citing Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996)).

The second sentence the plaintiff added to his Amended Complaint states: "My rights were violated [and] Doctor orders ignored by health staff managed by Donna Goelz." (Amended Complaint, p. 2). The third additional sentence reads: "My constitutional rights were violated by John Husz [and] Donna Goelz, by poor governing fo staff personnel at MSDF." (Amended Complaint, p. 3). Once again, these proposed claims seek to hold defendants Husz and Goelz vicariously liable for conduct of their subordinates. This is not permitted under § 1983. See Iqbal, 129 S. Ct. at 1948.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that the plaintiff has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this 8th day of November, 2010.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge